REIDUN STRØMSHEIM # 104938
JOANNE LAFRENIERE # 158011
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235
jlafreniere@stromsheim.com

Attorneys for Trustee,
JANINA M. ELDER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DEMAS WAI YAN<br>aka Dennis Yan<br>SS # xxx xx 5968<br><br>      Debtor<br><br>JANINA M. ELDER, Trustee<br>      Plaintiff<br><br>v.<br><br>547 23RD AVENUE LLC,<br><br>      Defendant | Case No. 04-33526 TCJE<br><br>Chapter 7<br><br><br><br><br><br>AP # |

**COMPLAINT FOR VIOLATION OF AUTOMATIC STAY**
**AND FOR DECLARATORY RELIEF**

      COMES NOW, Plaintiff, Janina M. Elder, trustee of the above-referenced bankruptcy estate, and alleges as follows:

**JURISDICTION**

    1.    Jurisdiction over this action exists pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334, and venue is proper pursuant to 28 U.S.C. § 1409.

    2.    This adversary proceeding is a core matter pursuant to 28 U.S.C. § 157.

# PRELIMINARY ALLEGATIONS

3. Demas Wai Yan ("Debtor"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on December 19, 2004. The case was converted to Chapter 7 on September 15, 2006.

4. Plaintiff, Janina M. Elder ("Plaintiff"), is the duly appointed, authorized and acting trustee of the Debtors' bankruptcy estate.

5. Plaintiff is informed and believes and thereupon alleges that Defendant 547 23rd Avenue LLC is a California limited liability corporation.

6. Among the assets of the bankruptcy estate is certain real property located at 547 and 547B 23rd Avenue, San Francisco, CA (the "Property").

7. On or about December 17, 2007 the Debtor improperly purported to transfer the Property to defendant 547 23rd Avenue LLC ("Defendant").

## FIRST CLAIM FOR RELIEF
### (Violation of Automatic Stay 11 U.S.C. § 362(a)(3))

7. Plaintiff realleges each and every allegation set forth above, as though fully set forth herein.

8. The Debtor is not the legal representative of the bankruptcy estate and lacks authority to convey the Property to Defendant, and thus the purported transfer of the Property to Defendant was an act to obtain possession of, or exercise control over, the property of the bankruptcy estate, in violation of 11 U.S.C. §362.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## SECOND CLAIM FOR RELIEF
### (Declaratory Relief)

9. Plaintiff realleges each and every allegation set forth above, as though fully set forth herein.

10. A dispute currently exists between the Trustee and the Defendant, in that title to the Property purportedly is held in Defendant's name.

11. The Trustee asserts that the Property remains property of the bankruptcy estate and

that the deed conveying title to Defendant is void as a matter of law and without effect.

12. A judicial determination is necessary to restore title to the bankruptcy estate in the public records.

WHEREFORE, Plaintiff prays for judgment against Defendant as is hereinafter set forth .

**PRAYER**

1. For judgment against the Defendant that the purported transfer of the Property to Defendant is void;

2. For judgment against the Defendant declaring title to the Property to be held by Janina M. Elder as trustee for the bankruptcy estate of Demas Wai Yan;

3. For costs of suit;

4. For such other and further relief as the Court deems appropriate.

DATED: This 16th day of April, 2008.

                              STROMSHEIM & ASSOCIATES

                              /s/ Joanne LaFreniere
                              Attorneys for Plaintiff,
                              JANINA M. ELDER, Trustee