REIDUN STRØMSHEIM # 104938
JOANNE LAFRENIERE # 158011
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235
jlafreniere@stromsheim.com

Attorneys for Trustee,
JANINA M. ELDER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 04-33526 TCJE |
| DEMAS WAI YAN<br>aka Dennis Yan<br>SS # xxx xx 5968 | Chapter 7 |
|     Debtor | |
| JANINA M. ELDER, Trustee<br>    Plaintiff | AP # 08-3035 |
| v. | |
| 547 23RD AVENUE LLC, | |
|     Defendant | |

**FIRST AMENDED COMPLAINT FOR VIOLATION OF AUTOMATIC STAY; AVOIDANCE OF POST-PETITION TRANSFER, AND FOR DECLARATORY RELIEF**

COMES NOW, Plaintiff, Janina M. Elder, trustee of the above-referenced bankruptcy estate, and alleges as follows:

**JURISDICTION**

1. Jurisdiction over this action exists pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334, and venue is proper pursuant to 28 U.S.C. § 1409.

2. This adversary proceeding is a core matter pursuant to 28 U.S.C. § 157.

## PRELIMINARY ALLEGATIONS

3. Demas Wai Yan ("Debtor"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on December 19, 2004. The case was converted to Chapter 7 on September 15, 2006.

4. Plaintiff, Janina M. Elder ("Plaintiff"), is the duly appointed, authorized and acting trustee of the Debtors' bankruptcy estate.

5. Plaintiff is informed and believes and thereupon alleges that Defendant 547 23rd Avenue LLC is a California limited liability corporation.

6. Among the assets of the bankruptcy estate is certain real property located at 547 and 547B 23rd Avenue, San Francisco, CA (the "Property").

7. On or about December 17, 2007 the Debtor improperly purported to transfer the Property (the "Transfer") to defendant 547 23rd Avenue LLC ("Defendant").

## FIRST CLAIM FOR RELIEF
### (Violation of Automatic Stay 11 U.S.C. § 362(a)(3))

7. Plaintiff realleges each and every allegation set forth above, as though fully set forth herein.

8. The Debtor is not the legal representative of the bankruptcy estate and lacks authority to convey the Property to Defendant, and thus the purported transfer of the Property to Defendant was an act to obtain possession of, or exercise control over, the property of the bankruptcy estate, in violation of 11 U.S.C. §362.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## SECOND CLAIM FOR RELIEF
### (Declaratory Relief)

9. Plaintiff realleges each and every allegation set forth above, as though fully set forth herein.

10. A dispute currently exists between the Trustee and the Defendant, in that title to the Property purportedly is held in Defendant's name.

11. The Trustee asserts that the Property remains property of the bankruptcy estate and

that the deed conveying title to Defendant is void as a matter of law and without effect.

12. A judicial determination is necessary to restore title to the bankruptcy estate in the public records.

WHEREFORE, Plaintiff prays for judgment against Defendant as is hereinafter set forth.

### THIRD CLAIM FOR RELIEF
### (11 U.S.C. § 549 - Avoidance of Post-Petition Transfer)

15. Plaintiff incorporates by reference each and every allegation in the paragraphs above, as though fully set forth herein.

16. Upon information and belief, the Transfer to Defendant occurred after the commencement of this bankruptcy case.

17. Upon information and belief, the Transfer to Defendant was not authorized under the Bankruptcy Code or by the Bankruptcy Court.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

### FOURTH CLAIM FOR RELIEF
### (11 U.S.C. § 551 and § 550 - Recovery of Money )

18. Plaintiff incorporates by reference each and every allegation in the paragraphs above, as though fully set forth herein.

19. Upon information and belief, any transfer avoided under 11 U.S.C. section 549 is automatically preserved for the benefit of the bankruptcy estate.

20. Upon information and belief, pursuant to 11 U.S.C. § 550(a), to the extent a transfer is avoided under 11 U.S.C. § 549, Plaintiff may recover, for the benefit of the estate, the property or the value of the property from the entity to which the Transfer was made.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

### PRAYER

1. For judgment against the Defendant that the purported transfer of the Property to Defendant is void;

2. For judgment against the Defendant declaring title to the Property to be held by Janina M. Elder as trustee for the bankruptcy estate of Demas Wai Yan;

3. On the third and fourth claims for relief, a judgment against Defendant avoiding the

Transfer of the property from the Debtor to the Defendant;

4. On the third and fourth claims for relief, a judgment against Defendant for money damages in an amount according to proof;

5. For prejudgment interest of 10% on all claims for relief from the date of the Transfer

6. For costs of suit;

7. For such other and further relief as the Court deems appropriate.

DATED: This 24th day of November, 2009.

STROMSHEIM & ASSOCIATES


　　　　　　/s/   Joanne LaFreniere
Attorneys for Plaintiff,
JANINA M. ELDER, Trustee

STROMSHEIM & ASSOCIATES